**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER FOOTE,

     Petitioner-Appellant,

v.

GLYNN BOOHER, Warden,

     Respondent-Appellee.

No. 01-6150
(W. District of Oklahoma)
(D.C. No. 00-CV-340-W)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HENRY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Christopher Foote's application for a certificate of appealability ("COA"). Foote seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that a petitioner must first obtain a COA before he can appeal the denial of a § 2254 habeas petition). Because Foote has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** the appeal. *Id.* § 2253(c)(2).

In his § 2254 habeas petition, Foote challenged his Oklahoma state conviction of second degree burglary, after former conviction of two or more felonies, for which he was sentenced to twenty years in prison. Foote alleged the following six grounds for relief in his habeas petition: (1) his conviction was not supported by sufficient evidence; (2) his trial counsel was constitutionally ineffective; (3) his appellate counsel was constitutionally ineffective; (4) the trial court improperly failed to instruct the jury regarding lesser-included offenses; (5) the trial court improperly refused to give the jury a cautionary instruction regarding eyewitness identification; and (6) the trial court improperly admitted evidence of Foote's prior felony convictions. After the matter was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), the magistrate judge issued a comprehensive and well-reasoned Report and Recommendation, recommending that Foote's petition be denied. After

conducting a *de novo* review, the district court adopted the Report and Recommendation and denied Foote's § 2254 habeas petition.

To be entitled to a COA, Foote must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Foote may make this showing by demonstrating the issues he seeks to raise on appeal are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Upon review of Foote's appellate filings, the magistrate judge's well-stated Report and Recommendation, and the entire record, we conclude that Foote has not made the requisite showing of the denial of a constitutional right for substantially those reasons set out in the magistrate judge's Report and Recommendation. Accordingly, this court **GRANTS** Foote's request to proceed *in forma pauperis*, **DENIES** his request for a COA, and **DISMISSES** the appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-